IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RICHARD E. BYLOCK,**

    Petitioner,

vs.                                              Case No. 4:14cv57-RH/CAS

**FLORIDA DEPARTMENT OF CORRECTIONS,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner Richard E. Bylock, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner has not paid the $5.00 filing fee or filed a motion for leave to proceed in forma pauperis.

Petitioner is currently in custody at the Florida State Hospital in Chattahoochee, Florida, which is located in Gadsden County, in the Northern District of Florida. Doc. 1; *see* 28 U.S.C. § 89(a). Petitioner challenges a state court judgment from the Sixth Judicial Circuit Court, Pinellas County, Florida, which is located in the Middle District of Florida. Doc. 1*; see* 28 U.S.C. § 89(b).

Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in

district where he was convicted and sentenced or in district where he is incarcerated). In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Tampa Division. *Id*.; M.D. Fla. R. 1.02(b)(4). *See* Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 7, 2014.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**